IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA LONGO, individually and as guardian of A.S.P., a minor, | : | No. 3:14cv181 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| THE GOOD SHEPHERD CHILD CARE CENTER, | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Defendant The Good Shepherd Child Care Center's motion to dismiss Plaintiff Debra Longo's (hereinafter "plaintiff") complaint. The matter has been fully briefed and is ripe for disposition.

**Background**

The minor plaintiff, A.S.P., suffers from multiple medical conditions including PICA and ADHD. (Doc. 1, Complaint ¶ 7).[1] These conditions limit the minor plaintiff's major life activities and restrict her ability to

---

[1] "Pica is the persistent eating of substances such as dirt or paint that have no nutritional value." http://www.webmd.com/mental-health/mental-health-pica (last visited Aug. 14, 2014). ADHD is attention deficit hyperactivity disorder which causes children to "generally have problems paying attention or concentrating." http://www.webmd.com/add-adhd/guide/attention-deficit-hyperactivity-disorder-adh (last visited Aug. 14, 2014).

interact with others. (Id. ¶ 12). Minor plaintiff attended Defendant The Good Shepherd Child Care Center (hereinafter "defendant" or "daycare center"), a daycare facility, from June 2010 through August 18, 2011. (Id. ¶ 11). She regularly napped while at the daycare center. (Id. ¶ 15).

The complaint alleges that defendant wrongfully and illegally restrained the minor plaintiff to the bed in which she napped. (Id. ¶ 17). The defendant placed a blanket over the plaintiff's head, "wrapped the blanket around her back and then placed the end of the blanket under the leg of the bed[.]" (Id.) Plaintiff instructed the defendant to stop restraining the minor plaintiff in such a manner, but the practice continued. (Id. ¶¶ 19-21).

Additionally, the minor plaintiff watched "Scooby Doo" cartoons before her naps at the daycare center and may have heard them while restrained in her bed. (Id. ¶ 22).[2] These cartoons gave her nightmares, which she continues to have to this day. (Id. ¶ 23).

Plaintiff also alleges that the defendant precluded the minor plaintiff

---

[2]"Scooby-Doo is an American animated cartoon franchise [about] four teenagers . . . and their talking Great Dane dog named Scooby-Doo, who solve mysteries involving supposedly supernatural creatures through a series of antics and missteps." http://en.wikipedia.org/wiki/Scooby_Doo (last accessed Aug. 15, 2014).

2

from "having the services of a therapeutic support staff" and "from being treated by a behavioral service consultant while attending the daycare." (Id. ¶¶ 24-25).

Based upon these factual allegations the plaintiff instituted the instant lawsuit by filing a complaint on February 3, 2014. (Doc. 1). The complaint includes the following three counts: Count I, Violation of the Americans With Disabilities Act ("ADA"); Count II, Violation of the Pennsylvania Code governing child daycare centers, 55 PA. CODE § 3270, *et seq.*; and Count III, Negligence. (See, id.)

On April 15, 2014, the defendant moved to dismiss the case for lack of jurisdiction and filed a brief in support thereof. (Docs. 6 & 7). The plaintiff filed a brief in opposition to the motion, and the defendant filed a reply brief on May 23, 2014. (Docs. 11 & 12). Thus, the motion is ripe for disposition, bringing the case to its present posture.

**Jurisdiction**

As this action is brought pursuant to a federal statute, specifically, the ADA, 42 U.S.C. § 12182, *et seq.*, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We

have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of review**

This case is before the court pursuant to defendants' motion to dismiss for lack of subject matter jurisdiction. Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of subject-matter jurisdiction." "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be 'facial' or 'factual.'" Turicentro v. Am. Airlines Inc., 303 F.3d 293, 300 n. 4 (3d Cir.2002). A facial attack serves to "contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." Id. On the other hand, if the attack is factual, the court "accords plaintiff's allegations no presumption of truth. In a factual attack, the court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings." Id.

The defendant's Rule 12(b)(1) motion is a factual attack on the court's jurisdiction, because it challenges not merely "an alleged pleading deficiency, but rather the actual failure of [plaintiff's] claims to comport with the jurisdictional prerequisites" of the ADA. United States ex rel. Atkinson

v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007).  As such, plaintiff bears the burden of establishing jurisdiction, and unlike some other motions, no presumptive truthfulness attaches to the allegations in the complaint.  Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  Moreover, the court may consider evidence outside the pleadings because the court is the "ultimate finder of fact" on jurisdictional questions.  S.R.P. ex rel. Abunabba v. United States, 676 F.3d 329, 343 (3d Cir. 2012).

**Discussion**

As noted above, plaintiff's federal cause of action is based upon the ADA.  The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation."  42 U.S.C. § 12182.  For purposes of this section, a daycare center is considered a public accommodation.  42 U.S.C. § 12181(7)(K).  The law, however, provides an exemption for, and does not apply to, religious organizations or entities controlled by religious organizations.

Specifically, the ADA provides: "The provisions of this subchapter shall not apply to . . . religious organizations or entities controlled by religious organizations, including places of worship." 42 U.S.C. § 12187. Defendant argues that a religious entity, the Church of the Good Shepherd and St. John the Evangelist, controlled the daycare center during the time at issue. Thus, it is exempt from requirements of the ADA, and plaintiff's ADA claim should be dismissed. Defendant further contends that if the ADA claim is dismissed, the court should remand plaintiff's state law claims to the Court of Common Pleas for Pike County, Pennsylvania.

Plaintiff, on the other hand, argues that the religious organization exemption is inapplicable. According to the plaintiff, the Third Circuit Court of Appeals has set forth nine (9) factors to use in determining whether an entity is a religious organization pursuant to the ADA exemption. The defendant does not address most of the factors. Thus, plaintiff concludes that the exemption does not apply or at least the parties should be allowed to conduct discovery on the issue. After a careful review, we agree in part with the plaintiff, and we will deny the defendant's motion without prejudice.

Plaintiff first argues that the motion should be denied outright based upon the case of LeBoon v. Lancaster Jewish Community Ctr., Ass'n, 503

F.3d 217 (3d Cir. 2007). LeBoon, however, while instructive is somewhat distinguishable from the instant case. For instance, LeBoon dealt with alleged employment discrimination under Title VII of the Civil Rights Act of 1964 rather than the ADA. But like the ADA, Title VII provides an exemption for religious organizations.

Specifically, LeBoon involved a former employee of a Jewish community center who claimed, *inter alia*, that the community center fired her because of her Christianity and because she attended a "Jews for Jesus" concert. LeBoon, 503 F.3d at 222. She sued for religious discrimination under Title VII and the defendant community center raised the religious exemption. Id. at 226.

LeBoon provides the following nine factors to determine whether an entity has a purpose and character that is primarily religious so as to be exempt from the anti-discrimination law:

> (1) whether the entity operates for a profit, (2) whether it produces a secular product, (3) whether the entity's articles of incorporation or other pertinent documents state a religious purpose, (4) whether it is owned, affiliated with or financially supported by a formally religious entity such as a church or synagogue, (5) whether a formally religious entity participates in the management, for instance by having representatives on the board of trustees, (6) whether the entity holds itself out to the

>public as secular or sectarian, (7) whether the entity regularly includes prayer or other forms of worship in its activities, (8) whether it includes religious instruction in its curriculum, to the extent it is an educational institution, and (9) whether its membership is made up by coreligionists.

LeBoon, 503 F.3d at 226.

Further the court noted that "not all factors will be relevant in all cases, and the weight given each factor may vary from case to case." Id. at 227. In that case, the court applied the factors and concluded that the community center's primary purpose was religious, and therefore, Title VII's religious exemption applied. Id. at 231.

Presently, plaintiff argues that these nine factors are relevant to determine whether the religious exemption of the ADA applies. When the factors are applied, according to the plaintiff, it becomes clear that the daycare center is non-religious. Thus, the motion should be denied out right.

Defendant, however, demonstrates that the issue in the instant case is not whether the daycare center itself is a religious organization. Rather, the issue is whether a religious organization *controls* the daycare center because entities that are controlled by religious organizations are also exempt from the ADA. Thus, it is not appropriate to apply these nine

factors to the daycare center itself.  Rather, the factors should be applied to the entity controlling the daycare center.

According to the defendant, the entity that controls the day care center is the Episcopal Church of the Good Shepherd and St. John the Evangelist.  (See Doc. No. 7-1, Aff. of Reverend Mary Ellen Dolan and Doc. No. 7-2, Aff. of Angela Smith).  Defendant argues that plaintiff never contested or attempted to contest this fact, therefore, the motion to dismiss should be granted.  We disagree.  Plaintiff's argument, focusing on whether the daycare center itself is a religious entity, may have missed the mark, but that does not mean plaintiff concedes that the daycare center is controlled by a religious entity.

At this early stage of the litigation, it is impossible to apply these factors because the record is almost devoid of evidence except for defendant's affidavits. Thus, in the alternative to outright denial of the motion, the plaintiff seeks a period of discovery to explore these issues.  In support of its request that the parties be provided time to engage in discovery, the plaintiff cites to Doe v. Abington Friends School, 480 F.3d 252 (3d Cir. 2007).

The Doe plaintiffs brought suit against a school for violation of the

ADA. Id. at 253. The district court granted summary judgment to the defendant on the basis that the school was a religious organization or controlled by a religious organization. Id. at 254. The district court based its decision on a single affidavit that the defendants had submitted. Id. Additionally, the court did not allow the plaintiff a period of time for discovery into the factual basis of the religious exemption. Id.

The Third Circuit Court of Appeals reversed. The court explained that the issue of whether an entity "qualifies for the ADA's religious exemption is a mixed question of law and fact, the answer to which depends, of course, on the existence of a record sufficient to decide it." Id. at 258. In response to the defendants' motion and affidavit, the Doe plaintiffs had filed a motion for discovery under Rule 56(c) of the Federal Rules of Civil Procedure. Id. at 255. According to the appeals court, such discovery should have been permitted to create a record that the court could examine in determining whether the school was a religious entity or controlled by a religious entity. Id. at 258-58.

The situation in Doe is similar to the instant case. The defendant asks us to find that the religious exemption applies despite the fact that the parties have not engaged in discovery yet. Accordingly, due to the lack of

discovery and the Third Circuits' direction that such motions should be decided only after a period of discovery has been completed, we will deny the defendant's motion without prejudice.  We will grant the parties ninety (90) days for discovery into whether a religious entity controls the daycare center.  Within fifteen (15) days after the conclusion of the discovery period, the defendant may file a motion to dismiss based upon the religious exemption.[3]

**Conclusion**

For the reasons set forth above, the defendant motion to dismiss based upon the religious exemption of the ADA will be denied without

---

[3] In a sense, the cases cited by defendant support our conclusion because they appear to have been decided after a period of discovery.  For example, defendant cites to Marshall v. Sisters of the Holy Family of Nazareth, 399 F. Supp. 2d 597 (E.D. Pa. 2005).  In this case, the court found that the defendant fell under the ADA's religious exemption because it was a religious organization or entity controlled by a religious organization.  Id. at 606.  The court, however, reached this decision after a period of discovery and after both sides submitted evidence.  Id. at 598, 601.  The other cases that defendant cites appear to also have been decided on motions for summary judgment after a period of discovery or at least after both parties had submitted evidence.  See Woods v. Wills, 400 F. Supp. 2d 1145 (E.D. Mo. 2005); White v. Denver Seminary, 157 F. Supp. 2d 1171 (D. Colo. 2001) (converting a motion to dismiss in to a motion for summary judgment because both parties had submitted evidence).

prejudice.  We will grant the parties ninety (90) days for discovery into whether the daycare center is controlled by a religious organization.  Within fifteen days after the conclusion of the discovery period, the defendant may file a motion to dismiss based upon the religious exemption.

**Date: <u>August 19, 2014</u>**               **s/ James M. Munley**
                                              **Judge James M. Munley**
                                              **UNITED STATES DISTRICT COURT**